UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ABDULHAQ RAHIM,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondent.

Case No. 2:26-cv-01241-TLF

ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART

Abdulhaq Rahim filed a habeas corpus petition under 28 U.S.C. § 2241, alleging a violation of his Fifth Amendment due process rights. Dkt. 1. He asks for the following relief: (1) a writ of habeas corpus ordering the government to immediately release him from detention; (2) an order permanently enjoining his re-detention absent constitutionally adequate procedures; (3) an order that respondents are required to give Mr. Rahim his personal property and identification documents and employment authorization documents; and (4) a declaration "that re-detention of Petitioner without first providing an individualized determination before a neutral decisionmaker violates the Due Process Clause of the Fifth Amendment." *Id*. at 19-20.

Respondents assert that petitioner is currently subject to a removal order that became final on April 20, 2026. Dkt. 8 at 8. They contend that in December 2025, when

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 1

petitioner sought asylum in Canada, he forfeited his right to a pre-deprivation hearing; respondents also argue that currently he is subject to a final order of removal, he is detained under the 90-day mandatory detention required under 8 U.S.C. § 1231, and the Court therefore should deny habeas corpus relief.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 6.

For the reasons discussed below, the Court **GRANTS** the federal habeas petition **IN PART**.

## I.   BACKGROUND

Petitioner is a native and citizen of Afghanistan; he entered the United States on November 28, 2022, and on December 27, 2022 he was paroled for one year. Dkt. 1-2, Declaration of Abdulhaq Rahim, at 2, ¶¶ 1, 2; Dkt. 9, Declaration of Deportation Officer Sooseon Jeon, at 2, ¶¶ 4, 5, 8. Petitioner states that he worked with a humanitarian aid agency and as an advocate for the Afghanistan government before the Taliban took over. Dkt. 1-2, Rahim Decl., at 2 ¶ 1. As for the reason he left Afghanistan, petitioner explains it was "because of the harm I was suffering at the hands of the Taliban." *Id.*

Petitioner had been released on January 27, 2023, on his own recognizance ("OREC"), based on the order of release issued December 27, 2022. *Id.* ¶¶ 5-8; Dkt. 1-2, Rahim Decl., at 2, ¶¶ 2, 3. On April 18, 2025, petitioner was ordered by an Immigration Judge ("IJ") to be removed to Afghanistan; he appealed the removal order to the Board of Immigration Appeals ("BIA"). Dkt. 9, Jeon Decl., at 2, ¶¶ 10, 11. On December 3, 2025, petitioner was present at the Blaine, Washington, port of entry. Dkt. 9, Jeon Decl., at 2, ¶ 12. Petitioner had been escorted by a person from the Canadian Border Service Agency. *Id.* They informed the United States Border Patrol that Mr.

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 2

Rahim had requested asylum in Canada. *Id.* Petitioner was detained at the Northwest ICE Processing Center, his OREC was cancelled by ICE, effective December 4, 2025. Dkt. 9, Jeon Decl., at 3, ¶ 13.

Petitioner's removal order to Afghanistan was administratively final on April 20, 2026. *Id.* at 3, ¶ 14.

Petitioner filed a habeas corpus petition on February 10, 2026, and it was dismissed without prejudice, on petitioner's motion for voluntary dismissal, by the Honorable Jamal N. Whitehead, on March 11, 2026. *Palacios, et al. v. Hermosillo et al.*, No. 2:26-cv-00491-JNW, Dkt. 24. Petitioner has a pending appeal in the Eleventh Circuit Court of Appeals after the BIA dismissed his appeal of an IJ's decision denying asylum, denying withholding of removal, and denying a request for protection under the Convention Against Torture ("CAT"). Dkt. 13-1, Petition for Review to the Eleventh Circuit, *Rahim v. Blanche,* Case No. 26-11624 (filed 5-8-2026).

## II.   DISCUSSION

**A. The Final Order of Removal Does Not Defeat Petitioner's As-Applied Due Process Claim**

When petitioner was taken into custody by U.S. immigration authorities at the Canadian border, he was not subject to a final order of removal. But, the 90-day removal period started April 20, 2026, when the removal order was administratively final. 8 U.S.C. § 1231(a)(1)(A). This is not determinative of petitioner's due process argument concerning his right to a hearing on the risk of flight and risk of danger to the community. *See, Najera v. Warden of Golden State Annex Detention Facility,* No. 1:26-cv-03773-TLN-CSK, 2026 WL 1678347, at *3 (E.D. Cal. June 10, 2026) ("[A] final order

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 3

of removal for Petitioner does not alter this Court's finding, while the order may diminish Petitioner's liberty interest, it does not defeat it").

Respondents contend that *Khotesouvan v. Morones,* 386 F.3d 1298, 1300-1301 (9th Cir. 2004) controls this situation. But the analysis in *Khotesouvan,* unlike the due process claim raised in this case, involved a claim of indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). The Court in *Khotesouvan* found that the district court properly dismissed the habeas corpus petition because it was filed before the expiration of the 90-day statutory removal period. *Id.* at 1301 ("The reason why the *Zadvydas* due process analysis does not extend to § 1231(a)(2) is that the . . . danger of 'indefinite, perhaps permanent' civil confinement—does not exist when the government is holding an alien under § 1231(a)(2), a provision authorizing detention for 90 days only.").

Petitioner argues the Court should follow the analysis in *Doe v. Becerra,* 697 F. Supp. 3d 937, 943 (N.D. Cal. 2023). In that case, petitioner had been in custody for more than 22 months and had not received an individualized bond hearing to determine whether he posed a risk of flight or risk of dangerousness. *Id.* at 941. Petitioner was subject to an order of removal issued by the IJ; petitioner's appeal of the order of removal resulted in a remand to the IJ. After the federal habeas corpus petition was filed, the IJ issued another order of removal; but the IJ also granted withholding of removal under the CAT. *Id.*

The Court in *Doe v. Becerra* did not grant release, but reviewed the factors under *Mathews v. Eldridge,* 424 U.S. 319, 333 (1976) and ordered a bond hearing. *Id.* at 943, 947. The Court determined that an as-applied due process challenge was appropriate,

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 4

even though the final order of removal involved a different statutory basis for detention, Section 1231(a), which provided that the Attorney General "shall" detain the noncitizen.

The Court agrees with the analysis in *Doe v. Becerra.* As for the *Matthews* factors, the Court applies them in the same way as the Court in *Doe v. Becerra* applied them and adopts the same reasoning. First, Mr. Rahim has a strong private interest in liberty; his interest in being free from detention is substantial because he has been continuously detained for over six months, since December 4, 2025. Second, the risk of erroneous deprivation is high, particularly because he has a pending appeal in the Eleventh Circuit Court of Appeals after the BIA dismissed his appeal of an IJ's decision denying asylum, denying withholding of removal, and denying a request for protection under the CAT. Dkt. 13-1, Petition for Review to the Eleventh Circuit, *Rahim v. Blanche,* Case No. 26-11624 (filed 5-8-2026). And, he has never had a bond hearing with the due process protections to which he is entitled to justify ongoing civil detention. Third, although the respondents have a strong interest in maintaining custody of a person during the 90-day period for removal under 8 U.S.C. § 1231(a)(2)(A), that interest is diminished by the fact the government has not conducted a hearing to establish risk of flight or dangerousness that would potentially allow for non-punitive civil detention.

The Court holds, as did the Court in *Doe v. Becerra*, that an as-applied due process challenge is appropriate here, the balancing of the weight of all three *Mathews* factors favors petitioner, and that the remedy is a bond hearing rather than release. The bond hearing shall be held by an IJ within 14 days of this Court's Order, unless petitioner requests a continuance. The government shall bear the burden of proving by clear and convincing evidence that Petitioner Rahim is a flight risk or a danger to the community.

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 5

### III.   CONCLUSION

The petitioner is currently within the 90-day removal period and is detained under 8 U.S.C. § 1231(a)(2)(A); the statute allows detention for 90 days. 8 U.S.C. § 1231(a)(1)(A); 8 U.S.C. § 1231(a)(2)(A). The Court finds that as-applied, respondents have violated the Due Process Clause of the Fifth Amendment; habeas corpus relief is **GRANTED IN PART** under 28 U.S.C. § §2241, 2243. Petitioner has been in detention since December 4, 2025, and under the factors weighed by the Court under *Mathews v. Eldridge,* petitioner has a due process right to a bond hearing.

The bond hearing shall be held by an IJ **within 14 days** of this Court's Order, unless petitioner requests a continuance. The government shall bear the burden of proving by clear and convincing evidence that Petitioner Rahim is a flight risk or a danger to the community.

Dated this 24th day of June, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR A WRIT
OF HABEAS CORPUS IN PART - 6